DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael J. Daugherty, appeals from the decision of the Summit County Court of Common Pleas, Domestic Relations Division, which ordered him to pay $470.01 per month, plus a 2% processing charge, in child support. We affirm.
 {¶ 2} On November 15, 2002, Appellee, Judy A. Daugherty-Zito, filed a motion for modification of child support. An evidentiary hearing was held before a magistrate. The magistrate's order recommended that the child support obligation be modified to $470.01 per month. Thereafter, Appellant filed objections which were overruled by the trial court in its final decision. Appellant timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR
"The [m]agistrate committed a gross abuse of discretion and error of law when he ordered [Appellant] pay [Appellee] child support in the amount of $470.01 per month plus poundage."
 {¶ 3} In his sole assignment of error, Appellant asserts that the trial court committed a "gross abuse of discretion" when ordering Appellant to pay $470.01 per month in child support payments. Appellant maintains that it is a hardship to pay such amount based upon his gross income. For the reasons stated below, Appellant's assignment of error is not well taken.
 {¶ 4} "An appellant bears the burden of affirmatively demonstrating error on appeal." Hutchinson v. Henderson, 9th Dist. No. 20862, 2002-Ohio-4521, at ¶ 39. App.R. 16(A)(7) requires the brief of an appellant to include,
"[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
 {¶ 5} Similarly, Loc.R. 7(A)(7) requires the appellant to include in his brief both an argument and law:
"The argument shall contain the contentions of the appellant with respect to the assignments of error and the supporting reasons with citations to the authorities and statutes on which the appellant relies."
 {¶ 6} However, in the present case, Appellant has provided no argument in support of his contention that the trial court abused its discretion when calculating the monthly child support payment. If an argument exists that may support an assignment of error, "it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18. Moreover, Appellant has failed to set forth a single, legal authority to support his assertion that the trial court erred. See In re Spence (Mar. 28, 2001), 9th Dist. No. 99CA007522, at 12 (declining to address assignment of error where appellant failed to cite law applicable to the issue under review).
 {¶ 7} Additionally, the transcript from the February 3, 2003, evidentiary hearing on the child support modification issue reveals that Appellant agreed to the $470.01 per month child support figure. Specifically, Appellant's counsel stated that both he and Appellant project Appellant's income, for the year 2003, to be $42,140.00. Counsel then went through a detailed analysis of how he arrived at the stated dollar amount. Based upon this figure, Appellant's counsel indicated that they "believe that a correct figure for child support is not $690 per month but $470 per month based upon [Appellee's] actual income and based upon a realistic view of what [Appellant's] commissions will be this year."
 {¶ 8} As the record indicates that Appellant agreed to, and in fact requested, such dollar amounts, Appellant has not demonstrated how the trial court's decision constituted error. Appellant has provided no argument whatsoever in support of his assignment of error, therefore, we affirm the judgment of the trial court.
 {¶ 9} Appellant's assignment of error is overruled. The decision of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
WHITMORE, J. CONCUR.