DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Matthew J. Rohner, appeals the decision of the Cuyahoga Falls Municipal Court finding him guilty of operating a vehicle without a driver's license; a violation of Cuyahoga Falls Ordinance § 335.01, and speeding, in violation of Cuyahoga Falls Ordinance § 333.03. We affirm.
 {¶ 2} Appellant was stopped on May 1, 2005 for driving 65 miles per hour in a 25 mile per hour zone in Cuyahoga Falls. Appellant did not at that time have a valid Ohio driver's license, nor did he at any point prior have a valid driver's license. Appellant was cited for speeding and for driving without a valid driver's license. The case proceeded to a bench trial, and on September 22, 2005, the judge issued a journal entry finding Appellant guilty of the two offenses. Appellant was sentenced to pay two fines, one for $75.00 and the other for $1000.00, $800.00 of which was suspended, and he was sentenced to 180 days in jail; all 180 days were suspended. Appellant was told to obey all laws for one year and not to repeat the same or similar offenses.
 {¶ 3} Appellant now appeals the decision of the lower court, asserting eleven assignments of error for our review. We will address all of Appellant's assignments of error together.
 ASSIGNMENT OF ERROR I
"Subject matter jurisdiction; This has been lacking ab initio within this action. Even though the challenge was raised repeatedly; and, specific notice was given repeatedly as to what was by operation of law being required. The court chose instead to only waltz around this essential requirement, offering instead statements and comments, which were not to point."
 ASSIGNMENT OF ERROR II
"Affidavit of Facts; Due Process was denied to the appellant when his affidavit of facts was completely disregarded, as though it did not exist. This affidavit, submitted by the defendant, and in the record, provided the only facts in law that were presented to this court. The Prosecutor and the Court audaciously, deliberately and completely ignored this affidavit."
 ASSIGNMENT OF ERROR III
"Admissions; The defendant, as part of his discovery, submitted a list of Admissions, and made motion to the Court to compel a response from the Prosecution. The prosecutor ignored and the court denied the motion to compel discovery. To answer the admissions would have forced the court to acknowledge it lacked subject matter jurisdiction."
 ASSIGNMENT OF ERROR IV
"Prosecutor authority invalid; For four months the prosecutor stood before the court, in front of the bar, prosecuting this case. When the appellant discovered he had not been registered with the Supreme Court of Ohio to practice law, the appellant served notice to the court and asked for dismissal of the case and sanction of the prosecutor. The court found no problem with this abuse and denied the motion."
 ASSIGNMENT OF ERROR V
"Fraud upon the Appellant; The prosecution gave a fraudulent excuse for a continuance. Two days before trial the prosecutor asked for a continuance using for his excuse that the Police Officer needed to be a witness in the Summit County Court of Common Pleas on the same day. When the Appellant gave notice to the municipal court that First; the Court of Common Pleas gives more than two days advance notice; and, Second; that the officer had been seen in the hall of the municipal court on the same day and time he was suppose to be in Akron Common Pleas Court. The Appellant motioned to compel the court for a verification of the conflicting summon, as was his right, since absent proof the case would be settled in the appellant's favor. The court denied the motion for verification, also denying appellants right for proper due process. (It should be noted the prosecutor has been sanctioned and suspended for violation of due process before, and was noticed to the court.)"
 ASSIGNMENT OF ERROR VI
"Insufficient Evidence: Throughout this sham ordeal no evidence was ever presented to the court to support the officers claims, and in fact the claims of the officers were contradicted by the record presented."
 ASSIGNMENT OF ERROR VII
"Relevancy; The Court repeatedly denied over strong objections motions to strike two highly charged statements from the record, that not only lacked relevancy to either of the two charges; but, were also defamatory and prejudicial. This clearly violates, Evidence R. 402 403 of the Ohio Rules of Evidence."
 ASSIGNMENT OF ERROR VIII
"Lack of Jurisdiction; There were no grounds to proceed with a trial. Given the court's failure to have the prosecution attempt prove, or to establish subject matter jurisdiction; given the lack of evidence to meet the officers,' to quote the judge, "high burden of proof to support their claims;" and, given the Abuse of Process, the appellant filed a Statement, (that the judge acknowledged having read), titled "Opening Remarks." In it the above items and abuses were reiterated, and the judge was asked to simply rule on the record by the Appellant. The judge, just as with all the other issues, denied the motions as being insignificant because it contained nothing new. It wasn't the appellant's intention to present new issues rather it was the intention to have the court properly acknowledge the Motions enumerated and follow proper due process procedures."
 ASSIGNMENT OF ERROR IX
"Contradictions; The undue process continued as usual, and that for such a reasonably small allegations there could be so many contradictions. Yet, the sham proceedings that followed were rife with contradictions. The statements of the officers contradicted the invalid citation. The invalid citation contradicted the record of the court."
 ASSIGNMENT OF ERROR X
"Failure to state a claim; Their was a failure to state a claim upon which relief could be granted, since the criminal rules did not provide for this remedy Criminal R. 57 was invoked. Motion was simply denied without mention of criminal rule 57 which had been invoked in the pleading."
 ASSIGNMENT OF ERROR XI
"Abuse of Rights; The appellant never waived his right to a speedy trial as provided for in ORC 2945.71, but at all times reserved all his rights. (The abuse was exacerbated when the prosecutor on August 11, 2005 used a fraudulent excuse to get an extension of time, which further extended the trial to September 8, 2005, for a total of 131 days. It can only be assumed on the appellant's part what his motif might have been. But he guesses that a request for a jury, as had at that time had been called for, may not have been properly submitted.)"
 {¶ 4} While Appellant appears to be displeased with the outcome of his case, he has neither cited to any legal authority in his argument section of his brief in support of his assignments of error, nor has he included a transcript of the proceedings. Consequently, we presume the validity of the lower court's ruling and we overrule Appellant's eleven assignments of error.
 {¶ 5} Both the Ohio and Local Appellate Rules require the Appellant to "include in his brief * * * the reasons in support of the contentions [of Appellant], with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7); Loc.R. 7(A)(7) ("The argument shall contain * * * the supporting reasons with citation to the authorities and statutes on which the appellant relies.") The Appellant has the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Fecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 4; Dautherty v. Daugherty-Zito, 9th Dist. No. 21576, 2003-Ohio-6117, at ¶ 4; Hutchinson v.Henderson, 9th Dist. No. 20862, 2002-Ohio-4521, at ¶ 39. In this case, Appellant has failed to cite any sources of law in his argument in support of his assignments of error. "If an argument exists that can support this assignment of error, it is not this Court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18.
 {¶ 6} Not only did Appellant fail to cite to any case law in his brief, but he also failed to include a transcript of the proceedings below. Our review is limited to the record before us as provided by Appellant, who bears the duty of providing all transcripts necessary for full appellate review. State v. Burt,
9th Dist. No. 20960, 2003-Ohio-4265, at ¶ 8.
"When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199.
 {¶ 7} As Defendant has not included a transcript of the proceedings, we have no choice but to presume the validity of the trial court's ruling and affirm its decision. We affirm the decision of the Cuyahoga Falls Municipal Court and overrule Appellant's eleven assignments of error.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., Boyle, J., concur.