DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Henry Smith, Jr., appeals from an order of the Lorain County Court of Common Pleas denying his motion to withdraw a guilty plea. We affirm.
 I. {¶ 2} Appellant was indicted by the Lorain County Grand Jury on July 30, 2002, on two counts of trafficking in drugs, in violation of R.C. 2925.03, felonies of the first degree, with major drug offender specifications; two counts of preparation of drugs for sale, in violation of R.C. 2925.03, felonies of the first degree, with major drug offender specifications; two counts of possession of cocaine, in violation of R.C. 2925.11, felonies of the first degree, with major drug offender specifications; two counts of permitting drug abuse, in violation of R.C. 2925.13, felonies of the fifth degree; two counts of possession of criminal tools, in violation of R.C. 2923.24, felonies of the fifth degree; and one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32, a felony of the first degree.
 {¶ 3} Appellant initially pled not guilty on all counts and retained Attorney Michael Peterson to represent him. On October 14, 2003, Appellant entered a plea of guilty to all counts, pursuant to a plea agreement. He was sentenced to 11 years in prison, according to a journal entry dated February 6, 2004.
 {¶ 4} On March 13, 2006, Appellant filed a motion to withdraw the guilty plea, and on March 17, 2006, Appellant filed a motion for the trial judge who accepted Appellant's guilty plea to disqualify himself. Appellant filed an affidavit with each motion, although only the first affidavit, filed with the motion to withdraw the guilty plea, is relevant to the present appeal.
 {¶ 5} In the first affidavit, Appellant stated that his mother, Myrna Smith — a co-defendant in the case — retained Mr. Peterson shortly after Appellant did, without Appellant's knowledge. Appellant claims that on Mr. Peterson's second visit at the jail, he advised Appellant that trial preparations were going slowly. Mr. Peterson also allegedly advised Appellant to seek assistance from local co-counsel because Mr. Peterson was from out of town. Appellant further claims that he hired Attorney James Burge to assist Mr. Peterson. Both attorneys jointly signed a number of motions filed in the case. Mr. Peterson visited Appellant in jail one more time, in September, 2003. At that meeting, Appellant claims, Mr. Peterson advised Appellant that Ms. Smith intended to testify against him. Mr. Peterson allegedly told Appellant that Appellant's best option would be to enter into a plea agreement and that Mr. Burge agreed with Mr. Peterson's opinion on the matter. Appellant entered a guilty plea and allegedly cut off all contact with Ms. Smith. Meanwhile, Appellant alleges, Mr. Peterson falsely informed Ms. Smith that Appellant would testify against her and recommended a plea agreement for her as well. Ms. Smith also entered a guilty plea pursuant to her plea agreement.
 {¶ 6} Appellant and Ms. Smith allegedly resumed communication approximately a year and a half after they entered their guilty pleas, at which time they allegedly discovered for the first time that their attorney had engaged in joint representation and lied to each of them about the other's intended testimony. Appellant claims that Mr. Peterson labored under an actual conflict of interest by representing both Appellant and his mother and that by lying to them, he induced them to enter guilty pleas which they would not have otherwise entered.
 {¶ 7} Appellant requested an evidentiary hearing on both the motion to withdraw the plea and the motion for the judge to disqualify himself. The trial judge denied both motions without explanation and without a hearing. Appellant filed the present appeal, asserting two assignments of error. For ease of review, we will consider both assignments of error together.
 II. First assignment of Error
"THE DEFENDANT WAS DENIED HIS FEDERAL CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL LABORED UNDER AN ACTUAL CONFLICT OF INTEREST; DEFENDANT NEVER WAIVED THE CONFLICT AND THE TRIAL COURT DID NOT INQUIRE INTO THE CONFLICT."
 Second Assignment of Error
"THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S CRIM.R. 32.1 MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT HOLDING A HEARING."
 {¶ 8} In his first assignment of error, Appellant argues that his attorney labored under a conflict of interest that deprived Appellant of his right to effective assistance of counsel. However, Appellant has failed to provide a transcript of the hearing at which he entered his guilty plea. It is the appellant's duty to ensure that the portions of the record necessary for appellate review are filed with the appellate court. App.R. 9(B); State v. Burt, 9th Dist. No. 20960, 2003-hio-4265, at ¶ 8. Appellant claims that he had no knowledge of his attorney's joint representation and that the court should have made an inquiry into the joint representation. Without a transcript, this court has no way of knowing whether any statements were made in court that would have given Appellant notice that his attorney was also representing his mother, whether Appellant consented to the joint representation, and whether the court made any inquiry into the matter. Thus, Appellant has not met his burden of showing that he received ineffective assistance of counsel.
 {¶ 9} Furthermore, Appellant claims in his second assignment of error that the trial court erroneously denied his motion to withdraw his guilty plea. After sentencing, a guilty plea may only be withdrawn to correct a manifest injustice. Crim.R. 32.1;State v. Ray, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶ 7. The defendant must point to specific facts in the record or in the affidavits submitted with the motion to support the claim of manifest injustice. Id. A manifest injustice results from ineffective assistance of counsel only when, because of the ineffective assistance, the guilty plea is not entered knowingly and voluntarily. State v. Young (Oct. 22, 1999), 11th Dist. No. 98-T-0128, at *3. Again, the court has no way of knowing, absent a transcript, what transpired when Appellant entered his guilty plea. The trial court's decision not to hold a hearing on a motion to withdraw a guilty plea is reviewed for an abuse of discretion. State v. Banks, 9th Dist. No. 01CA007958, 2002-Ohio-4858, at ¶ 13. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. Because Appellant has not filed a transcript, however, we cannot tell whether the guilty plea was knowingly and voluntarily entered. Thus, Appellant has not met his burden of showing that the trial court abused its discretion.
 {¶ 10} Without a transcript of the trial court proceedings, the court must presume the regularity of the proceedings and overrule both assignments of error. See Cuyahoga Falls v.Rohner, 9th Dist. No. 22924, 2006-Ohio-1045, at ¶ 7.
 III. {¶ 11} Appellant's assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, P.J. Reece, J. concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)