DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Rocky Starcher, appeals the order of the Medina County Court of Common Pleas which denied his delayed petition for post-conviction relief. This Court affirms.
 I. {¶ 2} On October 2, 2001, Appellant was indicted on several counts, including: rape, in violation of R.C. 2907.02(A)(2), attempted rape, in violation of R.C. 2923.02 and 2907.02(A)(2), and gross sexual imposition in violation of R.C. 2907.05(A)(1). Appellant pled not guilty, and on December 2, 2002, the case proceeded to a jury trial. On December 5, 2002, the jury found Appellant guilty on all counts. At his sentencing hearing, Appellant was sentenced to a six-year prison term on the rape charge, a four-year prison term on the attempted rape charge and a one-year prison term on the gross sexual imposition charge, all to be served concurrently. Appellant was also labeled a sexually oriented offender.
 {¶ 3} On February 24, 2003, Appellant timely appealed his conviction, and filed the transcript of the docket and journal entries on March 27, 2003. Appellant did not raise any sentencing errors on direct appeal, but rather argued that the verdict was against the manifest weight of the evidence, that the trial court erred in permitting evidence of other wrongs at trial, and that the trial court erred in allowing improper statements made by the prosecutor during closing arguments.
 {¶ 4} On December 10, 2003, this Court overruled all three assignments of error and upheld Appellant's conviction. Appellant then petitioned the trial court for post-conviction relief on February 10, 2006. The trial court denied this motion without analysis on February 14, 2006. A nunc pro tunc order was filed on February 22, 2006 to correct the case number in the previous order. Appellant timely appealed this denial, setting forth one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED, TO THE PREJUDICE OF [APPELLANT], IN ARBITRARILY DENYING THE APPLICATION OF UNITED STATES SUPREME COURT PRECEDENT AND OPPORTUNITY FOR SUBSTANTIVE DUE PROCESS OF THE PROCEEDINGS."
 {¶ 5} In his sole assignment of error, Appellant argues that the trial court erred by denying his delayed petition for post-conviction relief and therefore finding that Blakely v.Washington (2004), 542 U.S. 296 and State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856 are inapplicable to his sentence. We disagree.
 {¶ 6} An appellate court reviews the denial of a petition for post-conviction relief for an abuse of discretion. State v.Stallings, 9th Dist. No. 21969, 2004-Ohio-4571, at ¶ 5. An abuse of discretion is more than an error of judgment; rather it necessitates a finding that the trial court was unreasonable, arbitrary or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. See App.R. 3(A) 4(A). A trial court is not to entertain a motion that is filed after the timeframe set forth in R.C.2953.21(A)(2). R.C. 2953.23(A).
 {¶ 8} Appellant filed the transcript of the docket and journal entries on March 27, 2003. His motion for post-conviction relief was filed on February 10, 2006-nearly three years after the expiration of the time to file an appeal — and was therefore, clearly untimely.
 {¶ 9} R.C. 2953.23(A) provides certain factors that, if present, would except a petition from the prescribed filing time. Pursuant to R.C. 2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for post-conviction relief unless both of the following apply:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 10} In his brief, Appellant contends that because his motion was properly before the trial court due to the above exceptions, the court arbitrarily dismissed it without discussion on the merits. It appears that Appellant argues that, under the grounds enunciated in Blakely, as applied to this Court by the Ohio Supreme Court findings in Foster, his sentence is contrary to law and that these cases constitute "a new federal or state right that applies retroactively to persons in [his] situation[.]" R.C. 2953.23(A)(1)(a). We disagree and find that these cases do not create a new state or federal right that would apply in Appellant's situation.
 {¶ 11} Appellant contends that, under the grounds stated inFoster, his sentence is now void as it was imposed pursuant to a statute that is unconstitutional. In Foster the Court found that R.C. 2929.14(B), 2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code violated the Sixth Amendment, pursuant to Blakely, supra, and Apprendi v. NewJersey (2000), 530 U.S. 466, to the extent that they required judicial factfinding. Foster, 109 Ohio St.3d at paragraphs one through seven of the syllabus. In constructing a remedy, theFoster Court excised the provisions it found to offend the Constitution, granting trial court judges full discretion to impose sentences within the ranges prescribed by statute. Id. The Court held that the cases before the Court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the Court's opinion. Id. at ¶ 104. Consistent with the United States Supreme Court's holding inUnited States v. Booker (2005), 543 U.S. 220, the Foster
Court only applied its holding retroactively to cases pending on direct review. Id. at ¶ 106.
 {¶ 12} As stated herein, in Booker, supra, the United States Supreme Court limited its holdings in Blakely andApprendi to cases on direct review. Similarly, in Foster, the Ohio Supreme Court restricted retroactive application of its holding to cases on direct review. Appellant's case is before us on appeal from a denial of his petition for post-conviction relief, not from direct appeal. As such, Appellant has failed to meet his burden under R.C. 2953.23(A)(1) to file a timely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v.Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399, at ¶ 12. Although the trial court did not specify its reasons for denying Appellant's petition, we find that the trial court's denial is proper because the court was not statutorily authorized to entertain the petition because of its untimeliness. See R.C.2953.23(A). See, also, Christian Medicine v. Sobotka (Mar. 12, 1997), 9th Dist. No. 96CA006482, at *2. Therefore, Appellant's sole assignment of error is overruled.
 III. {¶ 13} Appellant's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, P.J. Boyle, J. concur.