DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Michael Swihart has appealed from the judgment of the Medina County Court of Common Pleas which denied his motion for post-conviction relief. This Court affirms.
 I {¶ 2} In 1978, Appellant appealed from his conviction and sentence to death by a three judge panel for the aggravated murder with specifications of his brother, Russell, and for the murders of his mother, Susan and brother, Brian, and for aggravated arson. This Court, under the authority of Lockett v. Ohio (1978), *Page 2 
438 U.S. 586, modified Appellant's sentence to life in prison. SeeState v. Swihart (Dec. 20, 1978), 9th Dist. No. 807.
 {¶ 3} On August 21, 2006, Appellant filed a motion for post-conviction relief and sought a declaration that R.C. 2953.23 was unconstitutional. On September, 21, 2006, the trial court denied the motion, finding that it lacked jurisdiction to hear it. Appellant has timely appealed the trial court's judgment, raising three assignments of error for review. For ease of analysis, we have consolidated Appellant's first and second assignments of error.
 Assignment of Error Number One "THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION TO DISMISS THE DELAYED PETITION FOR POSTCONVICTION RELIEF BASED ON LACK OF SUBJECT MATTER JURISDICTION WHEN APPELLANT MET HIS BURDEN AND THE STATUTORY ELEMENTS OF R.C. § 2953.23(A)(1)(a)(b) AND (2)."
 Assignment of Error Number Two "THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION TO DISMISS THE DELAYED PETITION FOR POSTCONVICTION RELIEF WHEN APPELLANT DID MEET HIS BURDEN AND THE STATUTORY ELEMENTS OF R.C. § 2953.23(A)(1)(a)(b) (2) THAT THE STATUTES HE STANDS SENTENCED UNDER ARE UNCONSTITUTIONAL IN ITS OPERATION, VIOLATING THE DUE PROCESS CLAUSE UNDER BLAKELY V. WASHINGTON AS FOLLOWED IN STATE V. FOSTER."
 {¶ 4} In his first two assignments of error, Appellant has asserted that the trial court erred in denying his petition for post-conviction relief. Specifically, *Page 3 
Appellant has argued that he met the statutory requirements for filing an untimely appeal. We disagree.
 {¶ 5} This Court reviews a trial court's grant or denial of a petition for post-conviction relief under an abuse of discretion standard.State v. Stallings, 9th Dist. No. 21969, 2004-Ohio-4571, at ¶ 5. An abuse of discretion implies more than an error in judgment; it connotes unreasonable, arbitrary, or unconscionable conduct on the trial court's part. Id., citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} In State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus, the Ohio Supreme Court held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." As noted above, Appellant filed a direct appeal in 1978. This Court affirmed Appellant's conviction and modified his sentence on December 20, 1978. SeeSwihart, supra. Accordingly, Appellant was required to comply with the timing requirements set forth in R.C. 2953.21(A)(2). Pursuant to R.C.2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. See App.R. 3(A) 4(A). However, as Appellant was sentenced *Page 4 
prior to the effective date of Ohio's post-conviction relief, he was permitted to file his petition within one year of the effective date of the act. See 1995 S 4, § 3, eff 9-21-95. As such, Appellant was required to file his motion by September 21, 1996. A trial court may not entertain a motion that is filed after the timeframe set forth in R.C.2953.21(A)(2). R.C. 2953.23(A).
 {¶ 7} Appellant's motion was filed in 2006 — nearly a full decade after the expiration of the time his petition and was therefore clearly untimely. R.C. 2953.23(A) provides certain factors, that if present, would except a petition from the prescribed filing time. Pursuant to R.C. 2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for post-conviction relief unless both of the following apply:
 "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 8} Appellant contends that Blakely v. Washington (2004),542 U.S. 296 and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856 announced a new rule of *Page 5 
law that applies retroactively and that his petition must be granted. See R.C. 2953.23(A)(1)(a). This Court has previously found that neitherFoster nor Blakely applies retroactively. State v. Starcher, 9th Dist. No. 06CA0021-M, 2006-Ohio-5955, at ¶ 11-12; State v. Luther, 9th Dist. No. 05CA008770, 2006-Ohio-2280, at ¶ 12-13. Accordingly, Appellant has not met the requirements for filing an untimely petition for post-conviction relief.[1]
 {¶ 9} Moreover, even if Blakely and Foster applied retroactively, Appellant's petition would still be defective. Appellant was not sentenced under the sentencing guidelines or their equivalent which were found unconstitutional by the above two cases. As such, neitherBlakely nor Foster would apply to Appellant's sentence even if they applied retroactively. Accordingly, the trial court properly dismissed the petition as having been untimely filed.
 Assignment of Error Number Three "OHIO REV. CODE § 2953.23(A)(1)(a)(b) AND (2) IS UNCONSTITUTIONAL IN VIOLATION OF ARTICLE I § 16, OHIO CONSTITUTION." *Page 6 
 {¶ 10} In his third assignment of error, Appellant has argued that R.C. 2953.23 is unconstitutional. Specifically, Appellant has asserted that R.C. 2953.23 is unconstitutional because it does not apply to sentencing. We disagree.
 {¶ 11} Initially, we note that there is no constitutional right to any postconviction state collateral review. State v. Steffen (1994),70 Ohio St.3d 399, 410. Furthermore, legislative enactments are afforded a strong presumption of constitutionality. State v. Collier (1991),62 Ohio St.3d 267, 269. When possible, statutes are to be construed in favor of conformity with the Ohio and United States Constitutions. Id. A party asserting that a statute is unconstitutional must prove that the statute is unconstitutional beyond a reasonable doubt. Id.
 {¶ 12} In his third assignment of error, Appellant has provided no meaningful argument to support a finding that R.C. 2953.23 is unconstitutional. He does not give this Court's standard of review, nor even quote the language of R.C. 2953.23 that he claims is unconstitutional. Appellant has the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record."State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. Appellant has failed in this burden. Moreover, this Court has previously found R.C. 2953.23(A) to be constitutional. State v. Smith, 9th Dist. No. 04CA008546, 2005-Ohio-2571, at ¶ 10 ("Based on the *Page 7 
numerous holdings throughout Ohio courts, it is clear Defendant's assertions that R.C. 2953.23(A)(2) is unconstitutional are meritless, both facially and as applied to him.") Accordingly, Appellant's final assignment of error lacks merit.
 III {¶ 13} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 8 
Costs taxed to Appellant.
SLABY, P. J. DICKINSON, J. CONCUR
[1] We note that to the extent that Appellant has asserted claims related to the application of the parole guidelines, those claims are not properly asserted in postconviction relief, but in alternative forums such as declaratory and mandamus actions. See, e.g., State exrel. Johnson v. Ohio Adult Parole Auth., 104 Ohio St.3d 421,2004-Ohio-6590; Hattie v. Anderson (1994), 68 Ohio St.3d 232. *Page 1