DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant/Appellant appeals the denial of his motion to vacate or void his illegal sentence by the Lorain County Court of Common Pleas. We affirm.
 {¶ 2} Defendant was indicted by the Lorain County Grand Jury on July 30, 2002, on two counts of trafficking in drugs, in violation of R.C.2925.03, felonies of the first degree, with major drug offender specifications; two counts of preparation of drugs for sale, in violation of R.C. 2925.03, felonies of the first degree, with major drug offender specifications; two counts of possession of cocaine, in violation of R.C. 2925.11, felonies of the first degree, with major drug *Page 2 
offender specifications; two counts of permitting drug abuse, in violation of R.C. 2925.13, felonies of the fifth degree; two counts of possession of criminal tools, in violation of R.C. 2923.24, felonies of the fifth degree; and one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32, a felony of the first degree. Appellant entered a plea of guilty to all counts, pursuant to a plea agreement. On February 6, 2004, he was sentenced to 11 years imprisonment.
 {¶ 3} On March 13, 2006, Appellant filed a motion to withdraw the guilty plea, which the trial court denied on April 4, 2006. Defendant appealed the trial court's decision and on October 23, 2006, this Court affirmed the trial court's decision in State v. Smith, 9th Dist. No. 06CA008926, 2006-Ohio-5478.
 {¶ 4} On December 5, 2006, Defendant filed the motion that is the subject of this appeal with the trial court, entitled motion to vacate void sentence. On December 11, 2006, the trial court denied the motion to vacate void sentence without analysis. On January 8, 2007, Defendant timely appealed the trial court's denial of his motion to vacate void sentence and raised one assignment of error.
 Assignment of Error "The trial court erred when it failed to vacate the Defendant's void sentence where the imposed sentenced [sic] is under portions of the Ohio sentencing statute, R.C. § 2925.03(C)(4)(G) and § 2929.14(D)(3)(B), which are unconstitutional, and contrary to law, in clear violation of Defendant's constitutional rights." *Page 3 
 {¶ 5} Defendant asserts that the trial court erred in denying his motion to vacate his sentence as void pursuant to the Ohio Supreme Court's opinion in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 6} In State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus, the Ohio Supreme Court held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." Id. Accordingly, Defendant was required to comply with all of the time requirements set forth in R.C. 2953.21(A)(2) to seek post-conviction relief.
 {¶ 7} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. See App.R. 3(A) 4(A). As such, Appellant was required to file his motion by September 6, 2004. A trial court may not entertain a motion that is filed after the time frame set forth in R.C. 2953.21(A)(2). R.C. 2953.23(A).
 {¶ 8} Defendant's motion was filed in December 2006, more than two years after the expiration of the time his petition was required to be filed and was therefore clearly untimely. R.C. 2953.23(A) provides certain factors, that if present, would except a petition from the prescribed filing time. Pursuant to R.C. *Page 4 2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for post-conviction relief unless both of the following apply:
 "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 9} Defendant contends that State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856 announced a new rule of law that applies retroactively and that his petition must be granted. See R.C. 2953.23(A)(1)(a). This Court has previously found Foster does not apply retroactively. State v.Starcher, 9th Dist. No. 06CA0021-M, 2006-Ohio-5955, at ¶ 11-12;State v. Luther, 9th Dist. No. 05CA008770, 2006-Ohio-2280, at ¶ 12-13. Accordingly, Defendant has not met the requirements for filing an untimely petition for post-conviction relief.
 {¶ 10} For the foregoing reasons, the trial court properly dismissed Defendant's motion to vacate his sentence as void. We overrule Defendant's *Page 5 
assignment of error and affirm the judgment of the Lorain County Court of Common Pleas.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 MOORE, J. DICKINSON, J. CONCUR *Page 1