[Cite as *State v. Daniel*, 2016-Ohio-7094.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26825 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 14-CR-96 |
| v. | : | |
| | : | (Criminal Appeal from |
| GREGORY DANIEL | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 30th day of September, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MEAGAN D. WOODALL, Atty. Reg. No. 0093466, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. No. 0072135, 36 North Detroit Street, Suite 102, Xenia, Ohio 45385
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Gregory Daniel appeals from an order of the trial court overruling his post-sentence motion to withdraw his guilty pleas to Having Weapons Under Disability, Tampering with Evidence, Criminal Damaging, Improper Handling of a Firearm in a Motor Vehicle, and Failure to Comply With an Order or Signal of a Police

Officer. Daniel contends that the trial court abused its discretion by overruling his post-sentence motion to withdraw his guilty plea. We conclude that no manifest injustice has been demonstrated, so that the trial court did not abuse its discretion. Accordingly, the order of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 2} Daniel was indicted in April 2014 on eight separate charges. Following plea negotiations, Daniel pled guilty to Having Weapons Under Disability, Tampering with Evidence, Criminal Damaging, Improper Handling of a Firearm in a Motor Vehicle, and Failure to Comply With an Order or Signal of a Police Officer. In exchange, the State dismissed the three remaining felony counts, as well as two firearm specifications. The parties agreed to an aggregate sentence of five years.

{¶ 3} At the sentencing hearing, the trial court sentenced Daniel to imprisonment for 36 months for Having Weapons Under Disability, and to 24 months for Tampering with Evidence, with both sentences to run consecutively. The trial court sentenced Daniel to 90 days for Criminal Damaging, 18 months for Improper Handling of a Firearm, and 18 months for Failure to Comply; all to run concurrently with each other, and with the other sentences, for an aggregate sentence of five years. The trial court also ordered restitution and court costs.

{¶ 4} The trial court held a re-sentencing hearing on September 24, 2014 because it had failed to order the sentence for Failure to Comply to run consecutive to any other sentences as required by R.C. 2921.331(D). The court explained to Daniel that he would be subject to the same prison term as agreed upon, but that the sentence format would

be restructured. The trial court changed the sentence by imposing a twelve-month sentence for the Tampering with Evidence charge, and a twelve-month sentence for the Failure to Comply sentence. The sentences for the remaining charges were unchanged. The trial court ordered the sentences for Having Weapons Under Disability, Tampering with Evidence, and Failure to Comply to run consecutively, with the remaining sentences to run concurrently, for an aggregate sentence of five years. The trial court made the requisite statutory findings for imposing consecutive sentences. Daniel did not appeal.

{¶ 5} On July 14, 2015, Daniel moved, pro se, to withdraw his guilty plea. The trial court overruled the motion without a hearing. Daniel appeals.

## II. The Record Fails to Demonstrate Manifest Injustice

{¶ 6} Daniel's sole assignment of error states:

THE TRIAL COURT DENIED APPELLANT DUE PROCESS AND ERRED IN OVERRULING THE MOTION TO WITHDRAW PLEA WITHOUT A HEARING.

{¶ 7} Daniel contends that he should be permitted to withdraw his plea because counsel was ineffective for failing to object when the trial court did not make the required statutory findings under R.C. 2929.14(C)(4) and R.C. 2921.12(A)(1) before the court ordered consecutive sentences. Daniel also contends that his maximum sentence should have been only three years, rather than five. He further contends that the trial court should have sustained his motion to withdraw his plea, because counsel was ineffective when he failed to request a waiver of costs and fines.

{¶ 8} Pursuant to Crim.R. 32.1, a trial court may permit a defendant to withdraw

his guilty plea before sentencing. However, a plea may be withdrawn after sentence has been imposed in order to correct a manifest injustice. *State v. Humphrey*, 2d Dist. Montgomery No. 19243, 2002-Ohio-6525, ¶ 18. A manifest injustice has been defined as "a clear or openly unjust act" that involves "extraordinary circumstances." *State v. Stewart*, 2d Dist. Greene No. 2003-CA-28, 2004-Ohio-3574, ¶ 6. Under Crim.R. 32.1, a defendant who files a post-sentence motion to withdraw her guilty plea bears the burden of establishing a "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "A manifest injustice results from ineffective assistance of counsel only when, because of the ineffective assistance, the guilty plea is not entered knowingly and voluntarily." *State v. Smith*, 9th Dist. Lorain No 06CA008926, 2006-Ohio-5478, ¶ 9. "In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different." *State v. Stevens*, 2d Dist. Montgomery No. 19572, 2003-Ohio-6249, at ¶ 33.

{¶ 9} We turn first to the issue of the consecutive sentences. Daniel is correct that R.C. 2929.14(C)(4) requires a trial court to make certain findings prior to imposing consecutive sentences. But those findings are unnecessary when the court imposes a jointly-recommended sentence. *State v. Sergent*, Ohio Sup. Ct. Slip Opinion No. 2016-Ohio-2696, ¶ 43. Indeed, a jointly recommended sentence that is not contrary to law is not subject to appellate review. *Id.* In the case before us, the trial court conducted a full plea colloquy in accordance with Crim.R. 11, and Daniel entered his plea with the understanding that he would be sentenced to a five-year prison term. The parties agreed

to a five-year sentence, and the trial court imposed the agreed-upon sentence. The five-year sentence is within the statutory range for the offenses. At re-sentencing, the trial court made the requisite findings for the imposition of consecutive sentences. Because Daniel got the five-year sentence he bargained for, no manifest injustice occurred.

{¶ 10} We next address the claim that trial counsel should have objected to the imposition of costs and fines.[1] In his motion to withdraw, Daniel argued that because he was going to prison, where he could only earn $17 per month, counsel and the court should have known that he would be indigent. He asserted that his counsel should therefore have asked for a waiver or deferral of costs and fines. Daniel argued that because of trial counsel's failure to seek waiver or deferral, he will not be able to receive "gifts from family or friends" without being subject to garnishment.

{¶ 11} It is clear from the record that, at the time of the plea, Daniel was aware that costs and restitution could be assessed. He signed waiver forms indicating that he was aware of the amounts that could be assessed. These forms also indicated that he agreed to the negotiated plea agreement. He does not allege in his motion, nor aver in his affidavit in support thereof, that counsel failed to adequately discuss this issue with him.[2] Nor does he claim, either in his motion or in his appellate brief, that the trial court

---

[1] Defendant's motion to withdraw his plea speaks, in one place, of trial counsel's failure to seek a waiver of "court costs or fines" and a failure to seek a waiver of "restitution and court costs" in another. Appellant's brief herein argues that trial counsel was ineffective for "failure to argue or object to fines and costs." The trial court ordered defendant to pay court costs and restitution; it did not impose a fine on defendant. It appears that Appellant is using fines and restitution interchangeably.

[2] Daniel did aver that counsel failed to discuss the need for statutory findings prior to imposing consecutive sentences. Had counsel also failed to discuss waiver or deferral of costs, Daniel could have included that fact in his affidavit.

erred in its finding that he would have the ability in the future to pay costs and fines. His argument is focused upon his indigency while incarcerated. He does not claim that he will be unable to make the required payments upon release.

{¶ 12} "A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion[.]" *State v. Burkhart*, 2d Dist. Champaign No. 07-CA-26, 2008-Ohio-4387, ¶ 12. We apply an abuse-of-discretion standard to a trial court's decision on a motion to withdraw a guilty plea and its decision whether to grant a hearing. *Smith*, 49 Ohio St.2d 261, at paragraph two of the syllabus.

{¶ 13} Upon review, we find no abuse of discretion in the trial court's denial of Daniel's motion without a hearing, because there is no indication in the record that Daniel's plea was other than knowing and voluntary. Accordingly, the sole assignment of error is overruled.

### III. Conclusion

{¶ 14} Daniel's sole assignment of error having been overruled, the order of the trial court overruling Daniel's motion to withdraw his plea is Affirmed.

. . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Meagan D. Woodall
Jay A. Adams
Hon. Dennis J. Adkins