TALLAL, a.k.a. Turner, Appellee and Cross–Appellant,

v.

BANK ONE, N.A., Appellant and Cross–Appellee.

[Cite as *Tallal v. Bank One, N.A.*, 146 Ohio App.3d 511, 2001-Ohio-4348.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 19592.

Decided Jan. 24, 2001.

Robert C. Meeker and Darren W. DeHaven, for appellee and cross-appellant.

Rajko Radonjich, Howard E. Mentzer, John W. Mygrant and Valarie J. Rochester–Young, for appellant and cross-appellee.

Per Curiam.

{¶ 1} Appellant-defendant Bank One, N.A. ("Bank One") appeals from the jury verdict rendered in favor of appellee-plaintiff Miriam Tallal[1] ("Tallal") in the Summit County Court of Common Pleas. This court reverses.

## I

{¶ 2} Tallal filed suit against Bank One asserting claims for breach of contract and breach of fiduciary duty. Pursuant to Civ.R. 12(B)(6), Bank One filed a motion to dismiss, which the trial court denied.

{¶ 3} A jury trial commenced, and at the close of Tallal's case, Bank One moved for a directed verdict. The motion was denied. The jury returned a general verdict in favor of Bank One on Tallal's breach-of-fiduciary-duty claim. On Tallal's action for breach of contract, the jury returned a general verdict in favor of Tallal in the amount of $1 million.

{¶ 4} Subsequently, Bank One filed a motion for judgment notwithstanding the verdict. Tallal filed a motion for prejudgment interest. The trial court denied both motions.

{¶ 5} Bank One timely appeals, setting forth three assignments of error. Tallal has cross-appealed, asserting one error. Before turning to the substance of Bank One's appeal, however, a procedural issue must be addressed.

{¶ 6} Bank One's brief fails to conform to the Appellate Rules. The assignments of error are not separately argued, and the "law and argument" makes no reference to the trial court's error and fails to contain any specific references to the record. Bank One has set forth the following three assignments of error:

{¶ 7} "Appellant's first assignment of error:

{¶ 8} "The trial court erred in failing to grant defendant Bank One dismissal for failure to state a claim or a directed verdict or a judgment notwithstanding the verdict of the breach of contract claim.

{¶ 9} "Appellant's second assignment of error:

{¶ 10} "The trial court erred in the instructions it gave to the jury on the breach of contract and further erred in sending the issue of breach of contract to the jury where the facts relevant to the issue were not in dispute.

{¶ 11} "Appellant's third assignment of error:

---

1. The record reflects that Miriam Tallal is also known as Miriam Turner.

.

{¶ 12}   "The jury's verdict for plaintiff Tallal on a claim of a breach of contract is against the manifest weight of the undisputed evidence both as to liability and amount."

{¶ 13}   The law and argument purported to support these assignments begins on page ten.   However, this analysis gives little insight into the issues and does little to advance Bank One's cause.

{¶ 14}   App.R. 12(A)(2) expressly authorizes this court to disregard errors not separately argued.   See *Advertising Tapes, Inc. v. Misquitta* (Apr. 15, 1998), Summit App. No. 18631, 1998 WL 178562 (summarily rejecting the appeal on the basis that the appellant's brief failed to comply with the Appellate Rules).

{¶ 15}   In the interest of justice, however, this court has attempted to sort through the body of Bank One's brief in order to extract arguments in support of each assignment of error.

## II

{¶ 16}   "Appellant's first assignment of error:

{¶ 17}   "The trial court erred in failing to grant defendant Bank One dismissal for failure to state a claim or a directed verdict or a judgment notwithstanding the verdict of the breach of contract claim."

{¶ 18}   Bank One avers that the trial court erred in not granting a directed verdict on Tallal's breach-of-contract claim.   We agree.

{¶ 19}   Bank One argues that because the security agreement is unambiguous and did not place any obligation upon Bank One with respect to the pledged securities, the parol evidence rule precluded the use of oral testimony to vary the contract terms.   We agree.   The security agreement is unambiguous.   It did not place any obligation upon Bank One to manage or supervise Tallal's funds. Instead, the agreement required Tallal to pledge securities worth $1 million as collateral for a loan Bank One gave to Tallal.   The pledged securities were to ensure that Bank One could recoup its losses in the event that Tallal defaulted on her loan.   Tallal, not Bank One, was required to monitor her accounts and guarantee that the pledged securities did not decrease in value below $1 million.

{¶ 20}   Accordingly, we sustain Bank One's first assignment of error.   Because this disposition renders the remainder of Bank One's assigned errors moot, we disregard them.

{¶ 21}   "Appellee's cross-assignment of error:

{¶ 22}   "The trial court erred by failing to award prejudgment interest to appellee/cross-appellant upon her verdict against appellant/cross-appellee for breach of contract."

{¶ 23}  In her sole cross-assignment of error, Tallal argues that the trial court erred in denying her motion for prejudgment interest pursuant to R.C. 1343.03. Our disposition of Bank One's first assignment of error renders Tallal's cross-assignment moot.

### III

{¶ 24}  The judgment of the court of common pleas is reversed.

Judgment reversed.

BAIRD, P.J., and SLABY, J., concur.

CARR, Judge, dissenting.

{¶ 25}  Because I would affirm the unanimous eight-person jury verdict rendered in favor of Miriam Tallal on her breach-of-contract claim, I respectfully dissent.

{¶ 26}  I disagree with the majority's decision to address Bank One's first assignment of error because the brief is completely void of an argument in support.

{¶ 27}  In the interest of justice, I have attempted to sort through the body of Bank One's brief in order to extract arguments in support of each assignment of error. However, I feel that it is almost impossible to formulate Bank One's analysis of the alleged error as set forth in the first assignment without actually constructing the arguments for Bank One. This court has previously admonished that "[t]his court is charged with the duty of resolving assignments of error, not writing them." *State v. Vandal* (Jan. 26, 2000), Medina App. No. 2983–M, 2000 WL 112596. Further, this court has previously rejected errors not supported by argument. See *Chrin v. Thudium* (Sept. 1, 1999), Summit App. No. 19041, 1999 WL 689900 (disregarding appellant's three alleged errors because the brief did not contain separate argumentation as to why the allegations constitute error); *State v. Zupanic* (Apr. 1, 1998), Medina App. No. 2704–M, unreported, 1998 WL 150378 (disregarding appellant's assigned error because he did not support the errors with arguments). Simply listing the assignments of error in the brief is not sufficient; the rule requires that they be "separately argued." *Meerhoff v. Huntington Mtge. Co.* (1995), 103 Ohio App.3d 164, 658 N.E.2d 1109.

{¶ 28}  Even assuming that one could extract from Bank One's brief that Bank One has argued that the trial court erred in admitting parole evidence to explain the security agreement, as the majority believes, I would overrule the error as no objection was raised at trial to the admission of such evidence. See *Reserve Dev. Co., Inc. v. Broad–Breck Dev.* (Oct. 26, 1994), Summit App. No. 16627, 1994 WL 592682.

{¶ 29} It is possible, however, to locate sections of arguments in support of the second and third assignments of error. Consequently, I would disregard the first assignment of error and sections I and III, along with the subsections thereto, contained in the law and argument section of Bank One's brief. In the interest of justice, however, I would generously apply sections II and IV to the second assignment of error, and sections V and VI to assignment of error three.

{¶ 30} My disposition of assignments two and three follow:

{¶ 31} Bank One's second assignment of error charges:

{¶ 32} "The trial court erred in the instructions it gave to the jury on the breach of contract and further erred in sending the issue of breach of contract to the jury where the facts relevant to the issue were not in dispute."

{¶ 33} Section IV asserts that "[t]he trial court erred in charging the jury to determine whether there was a breach of contract by the bank." The whole of Bank One's argument under section IV is:

{¶ 34} "It is well settled that the trial court will not instruct the jury where there is no evidence to support an issue. *Riley v. Cincinnati* (1976), 46 Ohio St.2d 287 [75 O.O.2d 331], 348 N.E.2d 135.* * * Where, as here, the facts are undisputed, the question of whether there has been performance or breach is a question for the Court. See 18 Ohio Jurisprudence 3d (1980), 113–114, Contracts § 208; *Luntz v. Stern* (1939), 135 O.S. 225 [14 O.O. 62, 20 N.E.2d 241] and *Wengerd v. Martin,* No. 97CA0046, 9th Dist. Ct.App., May 6, 1998 [1998 WL 225107][.]"

{¶ 35} Section IV makes no reference to the record, nor does section II. In section II, Bank One spewed law concerning the interpretation of contracts.

{¶ 36} Upon study, one can glean the assignment to be that the trial court erred in instructing the jury on the issue of breach of contract because the written contract entered into between Tallal and Bank One does not confer any duty upon Bank One, and therefore no duty was established. I disagree.

{¶ 37} Bank One correctly points out that a trial court may not instruct the jury if there is no evidence to support an issue. *Murphy v. Carrollton Mfg. Co.* (1991), 61 Ohio St.3d 585, 591, 575 N.E.2d 828, citing *Riley v. Cincinnati* (1976), 46 Ohio St.2d 287, 75 O.O.2d 331, 348 N.E.2d 135.

{¶ 38} First, Bank One failed to object at trial to the jury instructions and thus waived all but plain error. The Ohio Supreme Court has held:

{¶ 39} "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process,

thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus.

{¶ 40} Second, I am not clear on why Bank One has asserted that the facts were undisputed. Tallal always maintained that in order to ascertain Bank One's duty to her, one must look beyond the four corners of the written contract. Thus, she presented evidence at trial concerning the parties' understandings of Bank One's duties. Conversely, Bank One now insists that the contract was unambiguous and therefore the parol evidence rule precluded the introduction of oral testimony to vary the terms.

{¶ 41} Bank One did not object to the use of parol evidence prior to or during the trial. In fact, both parties presented witnesses to explain the agreement. This court has explained:

{¶ 42} "[M]ore than a mere waiver is at issue when an appellant invites the alleged error by calling its own witnesses, or cross-examining witnesses, to testify as to the intent of the parties with respect to the terms of a contract. An appellant cannot complain when an appellee enters similar but contradictory evidence of intent. 'Under the "invited error" doctrine, "[a] party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." ' " (Citations omitted.) *Reserve Dev. Co., Inc. v. Broad–Breck Dev.* (Oct. 26, 1994), Summit App. No. 16627, 1994 WL 592682.

{¶ 43} Because Bank One has waived its right to contest the admission of parol evidence, I would find that there was evidence to support a finding of a duty and a breach of duty.[2] The trial court properly instructed the jury on the issue of breach of contract.

{¶ 44} Because I would find no plain error, I would overrule the second assignment of error.

{¶ 45} The third assigned error reads:

{¶ 46} "The jury's verdict for plaintiff Tallal on a claim of a breach of contract is against the manifest weight of the undisputed evidence both as to liability and amount."

{¶ 47} Section V asserts that "[t]he jury could not have followed the court's instructions in reaching a verdict of liability." Notably, section VI states, as the third assignment of error, that the verdict is against the manifest weight of the evidence.

---

**2.** I am not opining that a bank is automatically a guarantor of money held pursuant to a security agreement. My decision would be based solely on the parol evidence admitted at trial without objection.

{¶ 48}  It appears then, that Bank One contends that both the finding of a breach and the amount of the award are against the weight of the evidence. Again, however, the arguments presented in support are of little aid, and do not refer to the record.

{¶ 49}  When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. *Frederick v. Born* (Aug. 21, 1996), Lorain App. No. 95CA006286, 1996 WL 471219.  In determining whether a criminal conviction is against the manifest weight of the evidence:

{¶ 50}  " 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' "  *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717; see, also, *State v. Otten* (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009.  Accordingly, before an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.

{¶ 51}  In support of its claim that the verdict is against the manifest weight of the evidence, Bank One asserts that Tallal had breached the agreement and therefore the jury should not have found breach on behalf of Bank One.  This argument is completely unpersuasive.

{¶ 52}  A review of the record shows that the jury did not lose its way thereby creating such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.

{¶ 53}  A reviewing court will not set aside a jury's damage award "unless it is so excessive that it appears to have been the result of passion or prejudice, or is manifestly against the weight of the evidence." *Greynolds v. Kurman* (1993), 91 Ohio App.3d 389, 632 N.E.2d 946, citing *Cardinal Fed. S. & L. Assn. v. Michaels Bldg. Co.* (May 8, 1991), Summit App. No. 14521, 1991 WL 76870.  In determining whether a verdict is excessive, this court must look to whether competent, credible evidence was presented at trial to support it.  Id.

{¶ 54}  Bank One argues that the award is not supported by credible evidence because Tallal "*never* lost all of [the money in] her account."  (Emphasis added.)

I would reject this claim and find that the verdict was not the result of passion or prejudice, and that competent, credible evidence supported the jury's award of $1 million to Tallal.

{¶ 55}  I would overrule Bank One's third assignment of error.

### Appellee's Cross-Assignment of Error

{¶ 56}  "The trial court erred by failing to award prejudgment interest to appellee/cross-appellant upon her verdict against appellant/cross-appellee for breach of contract."

{¶ 57}  In her sole cross-assignment of error, Tallal argues that the trial court erred in denying her motion for prejudgment interest pursuant to R.C. 1343.03. I find no merit in this cross-assignment of error.

{¶ 58}  R.C. 1343.03 provides:

"(A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

{¶ 60}  In deciding whether to award prejudgment interest a court must determine whether the aggrieved party has been fully compensated. *Gosden v. Gerstenslager* (Nov. 5, 1997), Summit App. Nos. 18383 and 18385, 1997 WL 760675, citing *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 652 N.E.2d 687.

{¶ 61}  The trial court found that Tallal had been fully compensated by the jury's award.  I find nothing in the record to cause me to disturb this holding. Accordingly, I would affirm the denial of prejudgment interest.

{¶ 62}  In summary, I would disregard the first assignment of error, and overrule the second and third assignments of error as well as Tallal's cross-assignment of error.  Accordingly, I would affirm the judgment of the court of common pleas.