[Cite as *State v. Russell*, **2017-Ohio-723.**]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JOHN B. RUSSELL

    Appellant

C.A. No.    28206

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2011-11-3144

DECISION AND JOURNAL ENTRY

Dated: March 1, 2017

HENSAL, Presiding Judge.

{¶1} John Russell appeals a judgment of the Summit County Court of Common Pleas that denied his petition to vacate or set aside his conviction or sentence. For the following reasons, this Court affirms.

I.

{¶2} After Mr. Russell pleaded no contest to trafficking in cocaine, the trial court found him guilty of the offense and sentenced him to six years imprisonment. This Court upheld his conviction and sentence on appeal. Following his appeal, Mr. Russell moved to withdraw his plea multiple times. The trial court denied his motions. In January 2016, Mr. Russell petitioned to vacate or set aside the judgment of conviction or sentence, requesting post-conviction relief under Revised Code Section 2953.23. The State opposed his petition, arguing that it was untimely and that his arguments were barred by res judicata. The trial court denied Mr. Russell's petition, concluding that his arguments were subject to the doctrine of res judicata because they

could have been raised on appeal or in his prior post-judgment motions. Mr. Russell has appealed, assigning as error that the trial court incorrectly denied his petition.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRORED (SIC) AS RES JUDICATA DID NOT APPLY
TO APPELLANT[']S POST-CONVICTION PETITION.

{¶3} Mr. Russell argues that the trial court incorrectly denied his petition for post-conviction relief. Although the trial court denied the petition because it concluded that Mr. Russell's arguments were barred under the doctrine of res judicata, upon review of the record, we conclude that it should have dismissed the petition as untimely.

{¶4} Under Section 2953.21(A)(2), a petition for post-conviction relief must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" Under Section 2953.23(A)(1), a court has no authority to hear an untimely petition for post-conviction relief unless the petitioner shows "either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner." *State v. Williams*, 9th Dist. Summit No. 25879, 2011-Ohio-6141, ¶ 15, citing R.C. 2953.23(A)(1).

{¶5} In his petition, Mr. Russell alleged that his trial counsel was ineffective for not calling an officer as a witness at the hearing on his motion to suppress. According to Mr. Russell, he did not learn that his counsel had an inadequate reason for not calling the officer until he received a letter from his counsel that explained his counsel's rationale. In his petition and his reply to the State's opposition to his petition, Mr. Russell alleged that he did not learn the facts that supported his ineffective assistance claim until he received the letter from his trial counsel.

The date of the letter is July 23, 2013, which was only three months after the transcript was filed in his direct appeal. Mr. Russell has not offered any explanation for why he was unable to file his petition for post-conviction relief within the time allowed under Section 2953.21(A), despite receiving his counsel's letter well before the deadline. We, therefore, conclude that his petition was untimely under Section 2953.21(A). Because the trial court did not have statutory authority to consider the petition, it correctly denied Mr. Russell the relief he requested. Mr. Russell's assignment of error is overruled.

III.

{¶6} Mr. Russell's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JOHN B. RUSSELL, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.