[Cite as *State v. Roberts*, 2017-Ohio-1060.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150528 |
| | | TRIAL NO. B-0405710 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MALLON ROBERTS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified and Cause Remanded

Date of Judgment Entry on Appeal:    March 24, 2017


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Mallon Roberts*, pro se.

Per Curiam.

{¶1} Defendant-appellant Mallon Roberts appeals the Hamilton County Common Pleas Court's judgment overruling his "Motion to Correct Judgment Entry Pursuant to Criminal Rule 36." We affirm the court's judgment as modified, but remand for resentencing in conformity with the statutory mandates concerning postrelease control.

{¶2} Roberts was convicted of murder in 2005. He unsuccessfully challenged his conviction on direct appeal, *State v. Roberts*, 1st Dist. Hamilton No. C-050279, 2007-Ohio-856, *appeal not accepted*, 115 Ohio St.3d 1424, 2007-Ohio-5056, 874 N.E.2d 539, and in postconviction motions filed with the common pleas court in 2010, 2011, 2012, 2014, and 2015. *See State v. Roberts*, 1st Dist. Hamilton No. C-150293 (May 27, 2016); *State v. Roberts*, 1st Dist. Hamilton No. C-120781 (July 3, 2013); *State v. Roberts*, 1st Dist. Hamilton No. C-110669 (Apr. 18, 2012); *State v. Roberts*, 1st Dist. Hamilton No. C-100456 (June 3, 2011).

{¶3} In his 2015 "Motion to Correct Judgment Entry Pursuant to Criminal Rule 36," Roberts sought "correct[ion]" of his judgment of conviction on the grounds that the judgment did not comport with Crim.R. 32(C), and that his sentence was not imposed in conformity with the statutes governing repeat violent offenders, indefinite sentences, jail-time credit, court costs, and postrelease control. In this appeal, he presents four assignments of error, challenging the common pleas court's judgment denying resentencing based on his repeat-violent-offender, indefinite-sentence, jail-time-credit, and postrelease-control claims. We overrule assignments of error one, three, and four, because the common pleas court had no jurisdiction to entertain Roberts's repeat-violent-offender, indefinite-sentence, and jail-time-credit claims. But

we sustain his second assignment of error, because the trial court imposed an unauthorized term of postrelease control.

{¶4} *Sentence was not correctable under Crim.R. 36.* Roberts was not entitled to relief under Crim.R. 36. The rule authorizes a court to "correct[] * * * at any time" "clerical mistakes in judgments." Thus, a trial court may, pursuant to Crim.R. 36, enter a judgment, nunc pro tunc to the date of conviction, correcting an error of fact in a judgment of conviction. *See State v. Weaver*, 1st Dist. Hamilton No. C-050923, 2006-Ohio-5072, ¶ 12.

{¶5} Roberts's repeat-violent-offender, indefinite-sentence, and postrelease-control claims alleged errors of law, not fact. Therefore, his judgment of conviction was not subject to correction under Crim.R. 36 on those grounds. *See id.* at ¶ 16.

{¶6} In his jail-time-credit claim, Roberts sought correction of his judgment of conviction under Crim.R. 36 on the ground that the judgment's grant of "credit for time served" did not include a calculation of that time. We note that in 2005, when Roberts was sentenced, R.C. 2949.08(B) and 2949.12 required a sentencing court to calculate jail-time credit, and that Crim.R. 36 permitted the court to "correct" any miscalculation of jail-time credit. *See Heddleston v. Mack,* 84 Ohio St.3d 213, 213, 702 N.E.2d 1198 (1988); *Weaver* at ¶ 12. In 2012, the General Assembly enacted R.C. 2929.19(B)(2)(g)(i), codifying the sentencing court's duty to "[d]etermine, notify the offender of, and include in the sentencing entry" the offender's jail-time credit. And it enacted R.C. 2929.19(B)(2)(g)(iii), permitting the offender to move at any time for correction of, and conferring upon the sentencing court "continuing jurisdiction to correct[,] any error not previously raised at sentencing in making a [jail-time-credit] determination under [R.C. 2929.19(B)(2)(g)(i)]."

{¶7}   But Roberts was sentenced before R.C. 2929.19(B)(2)(g) was enacted. Thus, because his jail-time credit could not have been "determin[ed] under [R.C. 2929.19(B)(2)(g)(i)]," R.C. 2929.19(B)(2)(g)(iii) did not confer upon the common pleas court "continuing jurisdiction to correct" any jail-time-credit error in his judgment of conviction.  *See State v. Morgan*, 1st Dist. Hamilton No. C-140146, 2014-Ohio-5325, ¶ 5–7.

{¶8}   Nor does Crim.R. 36 provide a remedy for the error alleged in Roberts's jail-time-credit claim.   The Ohio Department of Rehabilitation and Correction's Notice of Commitment and Calculation of Sentence filed in Roberts's case shows an Aggregate Jail Time Credit of 13 days.  In seeking Crim.R. 36 relief, Roberts contended not that his jail-time credit had been miscalculated, but that the sentencing court erred in failing to make the statutorily mandated calculation and include it in his judgment of conviction.  Because the claim alleged neglect of the court's duty under the law to calculate jail-time credit, rather than an error of fact in that calculation, Roberts's judgment of conviction was not subject to correction under Crim.R. 36 on that ground.  *See Weaver* at ¶ 16.

{¶9}   ***Claims were not reviewable under Crim.R. 57(B), 33, or 32.1 or under the postconviction, mandamus, declaratory-judgment, or habeas statutes.***  Because Roberts did not specify in his postconviction motion a statute or rule under which the relief sought might have been afforded, the common pleas court could have "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.  But the motion was not reviewable under the standards provided by R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction

relief, when the motion alleged statutory, rather than constitutional, violations.  *See* R.C. 2953.21(A)(1).  Because Roberts's conviction followed a jury trial, and he did not seek a new trial, the motion was not reviewable under either Crim.R. 32.1 as a motion to withdraw a guilty plea or Crim.R. 33 as a motion for a new trial.  Nor was the motion reviewable under R.C. Chapter 2731 as a petition for a writ of mandamus, under R.C. Chapter 2721 as a declaratory judgment action, or under R.C. Chapter 2725 as a petition for a writ of habeas corpus, when the motion did not satisfy those statutes' procedural requirements.  *See* R.C. 2731.04, 2721.12(A), and 2725.04.  And Crim.R. 57(B) did not require the court to review under Civ.R. 60(B) the challenges advanced in the motion, because Roberts's conviction was reviewable under the procedures provided for a direct appeal.  *See State v. Smith*, 1st Dist. Hamilton Nos. C-150445 and C-150446, 2016-Ohio-3521, ¶ 19.

{¶10} ***Postrelease control was correctable under the jurisdiction to correct a void judgment.***  Finally, courts always have jurisdiction to correct a void judgment.  *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.  The alleged repeat-violent-offender, indefinite-sentence, and jail-time-credit errors in Roberts's sentence were not subject to correction under the jurisdiction to correct a void judgment, when those errors, even if demonstrated, would not have rendered his sentence void.  *See Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 14-15 (holding that a guilty plea is voidable, not void, when a trial court has subject-matter jurisdiction, but errs in the exercise of that jurisdiction); *State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16 (holding that a judgment of conviction is void only to the extent that a sentence is unauthorized by

statute or does not include a statutorily mandated term or if the trial court lacks subject-matter jurisdiction or the authority to act).

{¶11} But the trial court included in Roberts's murder sentence a period of postrelease control. And the postrelease-control statutes then in effect did not authorize postrelease control for a special felony like murder. *See State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36; *accord State v. Baker*, 1st Dist. Hamilton No. C-050791, 2006-Ohio-4902, ¶ 4-6. To the extent that Roberts's sentence was not imposed in conformity with the statutory mandates concerning postrelease control, it is void, and the common pleas court had jurisdiction to review and correct the offending portion of the sentence. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus and ¶ 26-27.

{¶12} *Affirmed as modified, but remanded.* Because Roberts's sentence was not correctable under Crim.R. 36 on any ground advanced in his motion, the motion should have been dismissed. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the motion. And we affirm the judgment as modified.

{¶13} But that part of Roberts's murder sentence that included an unauthorized period of postrelease control was void. We, therefore, remand this cause for correction of the offending portion of his sentence, in accordance with the law and this opinion.

Judgment accordingly.

**MOCK, P.J., CUNNINGHAM** and **ZAYAS, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.