[Cite as *State v. Robinson*, 2017-Ohio-4168.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JACKIE N. ROBINSON

    Appellant

C.A. No.     28278

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 79 03 0319 A

DECISION AND JOURNAL ENTRY

Dated: June 7, 2017

---

HENSAL, Presiding Judge.

{¶1} Jackie Robinson appeals an order of the Summit County Court of Common Pleas that denied his motion to correct sentencing. For the following reasons, this Court affirms.

I.

{¶2} In 1979, a jury found Mr. Robinson guilty of aggravated robbery, carrying a concealed weapon, and having a weapon under disability. The trial court sentenced him to a combined term of nine to forty years imprisonment. On appeal, this Court upheld his conviction and sentence. In subsequent years, Mr. Robinson filed a series of motions, requesting that his convictions be set aside or his sentence corrected. The trial court denied each of his motions. At issue in this appeal is a motion to correct sentence that Mr. Robinson filed on May 12, 2016. The trial court denied it without explanation on May 23, 2016. Mr. Robinson has timely appealed, assigning 16 errors, which this court will address together.

II.

ASSIGNMENT OF ERROR I

WAS IT ERROR TO CONTINUE TO PROSECUTE MR. ROBINSON AFTER THE DISMISSAL OF THE INDICTMENT BY THE MUNICIPAL COURT.

ASSIGNMENT OF ERROR II

WAS IT ERROR TO SECRETLY INDICT MR. ROBINSON UNDER THE CAREER CRIMINAL PROGRAM, WHEN KNOWING THAT HE DID NOT FALL WITHIN THE CRITERIA.

ASSIGNMENT OF ERROR III

WAS IT ERROR TO PUT MR. ROBINSON TO TRIAL AFTER THE COURT GRANTED A MOTION TO SUPPRESS THE INDICTMENT, AND DISMISS[ED] THE CASE.

ASSIGNMENT OF ERROR IV

WAS IT ERROR FOR THE STATE TO MANUFACTURE A BOGUS INDICTMENT, STATING THAT IT WAS SWORN TO UNDER OATH, SIGNED AND RETURNED BY MEMBERS OF THE GRAND JURY.

ASSIGNMENT OF ERROR V

WAS IT ERROR TO THE PREJUDICE OF MR. ROBINSON FOR [THE] TRIAL COURT TO VIOLATE THE MANDATORY PROCEDURES OF OHIO CRIM. R. 6(C)(D)(F)(E).

ASSIGNMENT OF ERROR VI

WAS IT ERROR TO THE PREJUDICE OF MR. ROBINSON FOR THE TRIAL JUDGE AND DEFENSE COUNSEL TO WAIVE AWAY MR. ROBINSON['S] RIGHTS UNDER THE U. S. CONST.

ASSIGNMENT OF ERROR VII

WAS IT ERROR TO DISREGARD THE MANDATORY DUTY OF THE COURT TO CONSIDER THE FACTORS SET FORTH IN 2929.12(A)(B)(C), AND NOT STATE THE COURT['S] REASONS IN THE JOURNAL ENTRY FOR IMPOSING MAXIMUM AND CONSECUTIVE SENTENCES FOR ACTS STEMMING FROM ONE CRIME.

## ASSIGNMENT OF ERROR VIII

WAS IT ERROR FOR THE TRIAL COURT TO VIOLATE A [MANDATED] SENTENCING [STATUTE], PURSUANT TO OHIO REV. CODE ANN. § 2947.051.

## ASSIGNMENT OF ERROR IX

WAS IT ERROR FOR THE TRIAL COURT TO IMPOSE INDEFINITE SENTENCES FOR THIRD AND FOURTH DEGREE FELONIES WITHOUT LEGAL CAUSE.

## ASSIGNMENT OF ERROR X

WAS IT ERROR FOR THE TRIAL COURT TO IMPOSE COST[S] AND FINES, AFTER FINDING DEFENDANT INDIGENT, AND NOT INFORM DEFENDANT OF THE PENALTIES HE WOULD FACE IF FINES AND COSTS WERE NOT PAID.

## ASSIGNMENT OF ERROR XI

WAS IT ERROR FOR THE STATE AND TRIAL COURT TO HIDE EVIDENCE IN LIGHT OF DEFENDANT['S] [INNOCENCE], AND NOT PROVIDE DEFENDANT WITH FULL DISCOVERY.

## ASSIGNMENT OF ERROR XII

WAS IT ERROR FOR THE TRIAL COURT TO DENY REQUEST MADE BY JURY MEMBERS TO VIEW ARRESTING REPORT AND STATEMENTS MADE BY THE STATE[']S WITNESS PAUL STEWART ON THE NIGHT OF DEFENDANT['S] ARREST.

## ASSIGNMENT OF ERROR XIII

WAS IT ERROR FOR THE STATE AND TRIAL COURT TO NOT CALL THE STATE'S WITNESS, MR. STYER, UPON DEFENDANT['S] REQUEST, AS MR. STYER WAS SUBPOENAED BY THE STATE.

## ASSIGNMENT OF ERROR XIV

WAS IT ERROR FOR THE STATE NOT TO PROVIDE DEFENDANT WITH A WITNESS LIST, AND FULL DISCOVERY.

ASSIGNMENT OF ERROR XV

WAS IT ERROR FOR THE STATE NOT TO HAVE MR. STYER ON ITS WITNESS LIST.

ASSIGNMENT OF ERROR XVI

WAS IT ERROR FOR THE TRIAL COURT TO DENY DEFENDANT['S] REQUEST FOR COUNSEL TO BE GIVEN TIME TO LOCATE MR. STYER, WHOM STATED IN THE ARRESTING REPORT THAT DEFENDANT WAS NOT THE ROBBER.

**{¶3}** Mr. Robinson makes a plethora of arguments on appeal. Initially, we note that this Court will not address issues that are raised for the first time on appeal. *State v. Manso*, 9th Dist. Summit No. 26727, 2014-Ohio-1388, ¶ 7; *see also State v. George*, 9th Dist. Summit No. 27279, 2014-Ohio-5781, ¶ 32. In his motion to correct sentence, Mr. Robinson argued that the trial court failed to hold a sentencing hearing, that it failed to make the findings required to impose consecutive sentences, that it did not give him the opportunity to present a pre-sentence investigation report, that it failed to consider any seriousness and recidivism factors before sentencing him, that it improperly imposed costs and fines, that it failed to warn him of the penalties he would face if he did not pay the costs and fines, that it improperly sentenced him based on his race, ethnic background, and gender, and that it improperly imposed the maximum sentence on him. Accordingly, this Court will only consider those arguments.

**{¶4}** Mr. Robinson argues that, because of the trial court's many mistakes, its judgment is contrary to law and violates his rights under the United States and Ohio Constitutions. The Ohio Supreme Court has held that, if "a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. Reviewing

Mr. Robinson's motion to correct sentencing under *Reynolds*, we conclude that it was a petition for post-conviction relief under Revised Code Section 2953.21.

{¶5} Section 2953.21(A)(2) provides that a petition for post-conviction relief must be filed within 365 days of the date on which the trial transcript is filed in the defendant's direct appeal. Because Mr. Robinson's sentence pre-dates the addition of a time limit to Section 2953.21, he was allowed to file a petition by September 21, 1996. *State v. Swihart*, 9th Dist. Medina No. 06CA0091-M, 2007-Ohio-763, ¶ 6. Mr. Robinson, however, did not file his petition until May 2016. He also did not attempt to establish any of the grounds for filing an untimely or successive petition under Section 2953.23(A). We, therefore, conclude that the trial court did not have authority to consider Mr. Robinson's motion to correct sentencing, as it was an untimely or successive petition for post-conviction relief. *State v. Russell*, 9th Dist. Summit No. 28206, 2017-Ohio-723, ¶ 5. Thus, the trial court correctly denied his motion. *Id*.

{¶6} Mr. Robinson argues that, because the trial court failed to follow all of the required procedures when it sentenced him, his sentence is void. The Ohio Supreme Court has held that, if a sentence is void, it "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus. Mr. Robinson, however, has not pointed to any authority that establishes that his entire sentence, or any part of it, is void. Sentencing errors do not render a sentence void if the court "had jurisdiction and statutory authority to act[.]" *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 23. In *Williams*, the Ohio Supreme Court identified three areas where it had held that a sentence was void: "when the trial court fails to impose a statutorily mandated term of postrelease control," "when it fails to include a mandatory driver's license suspension in the offender's sentence[,]"

and "when it fails to include a mandatory fine in the sentence[.]" *Id*. at ¶ 21. Mr. Robinson has not alleged that any of those errors occurred in his sentence.

{¶7}    Upon review of the record, we conclude that the trial court correctly denied Mr. Robinson's motion to correct sentence, which was an untimely or successive petition for post-conviction relief under Section 2953.21. Mr. Robinson's assignments of error are overruled.

III.

{¶8}    Mr. Robinson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

JACKIE N. ROBISNON, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.