[Cite as *State v. Robinson*, 2019-Ohio-518.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

JACKIE N. ROBINSON

    Appellant

C.A. No.     28982

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-1979-03-0319(A)

DECISION AND JOURNAL ENTRY

Dated: February 13, 2019

HENSAL, Judge.

{¶1} Jackie Robinson appeals from the judgment of the Summit County Court of Common Pleas, denying several post-conviction motions. This Court affirms.

I.

{¶2} This Court has previously explained the procedural history of this case as follows:

In 1979, a jury found Mr. Robinson guilty of aggravated robbery, carrying a concealed weapon, and having a weapon under disability. The trial court sentenced him to a combined term of nine to forty years imprisonment. On appeal, this Court upheld his conviction and sentence. In subsequent years, Mr. Robinson filed a series of motions, requesting that his convictions be set aside or his sentence corrected. The trial court denied each of his motions.

*State v. Robinson*, 9th Dist. Summit No. 28278, 2017-Ohio-4168, ¶ 2. Most recently, this Court affirmed the trial court's denial of Mr. Robinson's motion to correct his sentence, which this Court determined was an untimely or successive petition for post-conviction relief. *Id.* at ¶ 7. Following that decision, Mr. Robinson filed the following: (1) motion to waive payment of court costs and fines; (2) motion for jail-time credit; (3) motion to correct illegal sentence; (4) motion

for summary judgment on motion to correct illegal sentence; (5) motion for summary judgment on motion for jail-time credit; and (6) motion for summary judgment on motion to waive payment of court costs and fines. The trial court denied Mr. Robinson's motions, holding that they were barred by res judicata. Mr. Robinson has appealed that decision, raising two assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

"THE COURT ERRED WHEN IT DENIED JACKIE ROBINSON'S MOTION FOR JAIL TIME CREDIT, IN VIOLATION OF HIS RIGHT TO EQUAL PROTECTION AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION."

### ASSIGNMENT OF ERROR II

"THE COURT ERRED WHEN IT DENIED JACKIE ROBINSON'S MOTION TO CORRECT AN ILLEGAL SENTENCE, AND ACTED CONTRARY TO LAW WHEN IT DENIED JACKIE ROBINSON CREDIT FOR THE 51 DAYS HE WAS HELD IN THE SUMMIT COUNTY JAIL IN RELATION TO THIS CASE, IN VIOLATION OF HIS RIGHT TO EQUAL PROTECTION AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION."

{¶3} Initially, we note that Mr. Robinson has not separately argued his assignments of error as required under Appellate Rule 16(A)(7) and Local Rule 7(B)(7). While this Court may disregard his assignments of error for that reason, in the interest of justice, we will address his assignments of error. *See* App.R. 12(A)(2); *Tallal v. Bank One, N.A.*, 9th Dist. Summit No. 19592, 146 Ohio App.3d 511, 513 (2001).

{¶4} Regarding his motion for jail-time credit, Mr. Robinson argued below that he did not receive the jail-time credit to which he was entitled, which violated his constitutional rights, and requested that the trial court reduce his sentence accordingly. He further argued that his

motion was not barred by res judicata because Revised Code Section 2929.19(B)(2)(g)(iii)[1] gives trial courts jurisdiction to correct any error in its determination of jail-time credit not raised at sentencing.

{¶5} Because the trial court sentenced Mr. Robinson prior to the enactment of Section 2929.19(B)(2)(g) – upon which he now relies – we will briefly review the applicable law at the time of his sentencing. "Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), an offender was able to seek correction of an error made in determining jail-time credit only on direct appeal." *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 11. "Motions to correct errors made in determining jail-time credit that were filed outside the time allowed for appeal were barred by the doctrine of res judicata." *Id.* As the First District Court of Appeals has explained:

> In 2012, the General Assembly enacted R.C. 2929.19(B)(2)(g)(i), codifying the sentencing court's duty to "[d]etermine, notify the offender of, and include in the sentencing entry" the offender's jail-time credit. And it enacted R.C. 2929.19(B)(2)(g)(iii), permitting the offender to move at any time for correction of, and conferring upon the sentencing court "continuing jurisdiction to correct[,] any error not previously raised at sentencing in making a [jail-time-credit] determination under [R.C. 2929.19(B)(2)(g)(i)]."

*State v. Roberts*, 1st Dist. Hamilton No. C-150528, 2017-Ohio-1060, ¶ 6 (Alterations sic.).

{¶6} Here, as previously noted, Mr. Robinson was sentenced prior to the enactment of Section 2929.19(B)(2)(g). "Because [Mr. Robinson] was sentenced before the amended statute was effective, his jail-time credit was not determined under R.C. 2929.19(B)(2)(g)(i)." *State v. Morgan*, 1st Dist. Hamilton No. C-140146, 2014-Ohio-5325, ¶ 7. Section 2929.19(B)(2)(g)(iii), therefore, "did not apply to confer upon the common pleas court jurisdiction to entertain his challenge to his * * * jail-time-credit determination." *Id.*; *State v. I'Juju*, 10th Dist. Franklin No.

---

[1] We note that, effective October 29, 2018 (while this appeal was pending), the statute has been amended and the relevant provisions are now under subsection (B)(2)(f).

15AP-692, 2016-Ohio-3078, ¶ 13 (holding same). Mr. Robinson's argument, therefore, lacked merit. Accordingly, we hold that the trial court did not err by denying his motion for jail-time credit. Further, because Mr. Robinson's motion to correct an illegal sentence was based upon the trial court's alleged failure to include jail-time credit, we likewise hold that the trial court did not err by denying that motion.

{¶7} To the extent that Mr. Robinson's motions could be construed as motions for post-conviction relief, Mr. Robinson did not attempt to establish any grounds for filing untimely or successive petitions under Section 2953.23(A). *See Robinson*, 2017-Ohio-4168, at ¶ 4-5 (construing a motion to correct an illegal sentence as a petition for post-conviction relief, and explaining the requirements related thereto). In light of the foregoing, Mr. Robinson's assignments of error are overruled.

### III.

{¶8} Mr. Robinson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT


TEODOSIO, P.J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

JACKIE N. ROBINSON, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.